JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA CASAS, JULIO FERNANDEZ, individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VICTORIA'S SECRET STORES, LLC, a business entity of unknown form, LIMITED BRANDS, a business entity of unknown form, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV 14-6412-GW(VBKx)<br><br>**ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT AND ENTERING JUDGMENT DISMISSING THE ACTION WITH PREJUDICE**<br><br>Dist. Judge: Hon. George H. Wu<br>Mag. Judge: Hon. Victor B. Kenton<br><br>Complaint Filed: July 9, 2014<br>First Amended Complaint Filed: September 5, 2014<br>Second Amended Complaint Filed: December 29, 2014<br>Third Amended Complaint Filed: February 13, 2015<br><br>Trial Date: None Set |

This matter came on for hearing on November 20, 2017, upon the Motion for Final Approval of the proposed settlement of this action on the terms set forth in the Joint Stipulation re: Class Action Settlement (the "Settlement" or "Stipulation"), attached hereto as **Exhibit 1**, and the First Addendum to Joint Stipulation re: Class Action Settlement (the "First Addendum"), attached hereto as **Exhibit 2**. Due and adequate notice having been given to the members of the Class, and having considered the Settlement and the First Addendum thereto, all papers and proceedings held herein, and all oral and written comments received regarding the proposed Settlement, and having reviewed the entire record in this action, Case No. 2:14-cv-06412 GW (VBKx), entitled *Mayra Casas, et al. v. Victoria's Secret Stores, LLC, et al.* (the "Action"), and good cause appearing, the Court finds that:

WHEREAS, plaintiffs MAYRA CASAS and JULIO FERNANDEZ have alleged claims against defendant VICTORIA'S SECRET STORES, LLC ("Defendant") on behalf of themselves and on behalf of others similarly situated, comprising all current and former employees of Defendant, who worked in California during the period from July 9, 2010 to August 11, 2017, and who were classified as non-exempt from overtime pay, excluding Defendant, its owners, directors, officers, executives, and all management personnel whose responsibility it was to maintain and/or enforce the policies, procedures, customs and/or business practices complained of in the Action; and

WHEREAS, Plaintiffs assert claims against Defendant for (1) failure to pay reporting time pay for regular shifts; (2) failure to pay reporting time pay for "call-in" shifts; (3) failure to pay overtime compensation; (4) failure to pay minimum wages; (5) failure to maintain required business records; (6) failure to provide accurate itemized wage statements; (7) failure to pay all wages earned at termination; (8) unlawful business practices; (9) unfair business practices; (10) failure to pay split shift premiums; (11) unreimbursed business expenses; and (12) civil penalties based on these alleged violations; and

WHEREAS, Defendant expressly denies the allegations of wrongdoing and violations of law alleged in this Action, and further denies any liability whatsoever to Plaintiffs or to the Class Members; and

WHEREAS, without admitting any liability, claim, or defense, Plaintiffs and Defendant (collectively, the "Parties") determined that it was mutually advantageous to settle this Action and to avoid the costs, delay, uncertainty, and business disruption of ongoing litigation; and

WHEREAS, the Parties agreed to resolve the Action and entered into the Stipulation in and about February and March, 2017, and the First Addendum on or about July 28, 2017, which together provide for a complete dismissal, with prejudice, of the claims asserted in the Action against Defendant on the terms and conditions set forth in the Stipulation and the First Addendum, subject to the approval of this Court; and

WHEREAS, this Court granted preliminary approval of the Parties' Settlement in this Action on or about August 11, 2017 (the "Preliminary Approval Order"); and

WHEREAS, notice to the Class Members was sent in accordance with the Stipulation and the Preliminary Approval Order; and

WHEREAS, a fairness hearing on the proposed Settlement having been duly held and a decision reached;

NOW, therefore, the Court grants final approval of the Settlement, and

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. To the extent defined in the Joint Stipulation re: Class Action Settlement, attached hereto as **Exhibit 1** and the First Addendum thereto, attached hereto as **Exhibit 2**, and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.

2. The Court has jurisdiction over the subject matter of this Action, Defendant, and the Class.

3. The Court has determined that the notice given to the Class fully and

2   Case No. 2:14-CV-06412 GW (VBKx)
[PROPOSED] ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT
AND ENTERING JUDGMENT DISMISSING THE ACTION WITH PREJUDICE

accurately informed all persons in the Class of all material elements of the proposed Settlement – including the plan of distribution of the Settlement funds, the application for enhancement awards to the Class Representatives, and the application for an award of attorneys' fees and costs to Class Counsel – constituted the best notice practicable under the circumstances, and constituted valid, due, and sufficient notice to all Class Members.

4. The Court hereby (1) grants final approval of the Settlement and Stipulation as fair, reasonable, and adequate in all respects to the Class Members; (2) grants final certification of the Class as defined below in Paragraph 6 of this Order; and Orders the parties to consummate the Settlement in accordance with the terms of the Stipulation and the First Addendum thereto.

5. The plan of distribution as set forth in the Stipulation and the First Addendum thereto, providing for the distribution of the Net Settlement Amount to Class Members, is approved as being fair, reasonable, and adequate.

6. The Class consists of 43,669 Class Members, and is defined as follows:

> "Class Members" shall mean all current and former employees of Defendant, who worked in California during the Class Period and who were classified as non-exempt from overtime pay, excluding Defendant, its owners, directors, officers, executives, and all management personnel whose responsibility it was to maintain and/or enforce the policies, procedures, customs and/or business practices complained of in the Action.
>
> Additionally, a Subclass is formed to represent all members of the foregoing Class whose employment with Defendant terminated during the Class Period.
>
> As used hereinabove, the term "Class Period" means the time frame commencing four years prior to the date the original Complaint in this action was filed, *i.e.*, July 9, 2010, and continuing until the date of preliminary approval.

7.     As previously ordered in the Court's Preliminary Approval Order dated August 11, 2017, the Court appoints as Class Counsel the following attorneys: Stanley D. Saltzman and Stephen P. O'Dell of Marlin & Saltzman, LLP, 29800 Agoura Road, Suite 210, Agoura Hills, California 91301.

8.     The Court approves the payment of attorneys' fees in the amount of $3,540,000.00 (equal to 29.5%) to Class Counsel, which shall be paid from, and not in addition to, the Total Class Action Settlement Amount.

9.     The Court approves the payment of attorneys' costs in the amount of $10,797.00 to Class Counsel, which shall be paid from, and not in addition to, the Total Class Action Settlement Amount.

10.    The Court approves a payment in the amount of $37,500.00 to the California Labor & Workforce Development Agency, representing the State of California's portion of civil penalties under the Private Attorneys General Act, which shall be paid from, and not in addition to, the Total Class Action Settlement Amount.

11.    The Court approves the payment of reasonable claims administration costs to the Claims Administrator, CPT Group, Inc., in the amount of $200,000.00, which shall be paid from, and not in addition to, the Total Class Action Settlement Amount.

12.    The Court approves enhancement awards to Plaintiff and class representative Mayra Casas in the amount of $10,000.00 and to Plaintiff and class representative Julio Fernandez in the amount of $9,000.00, which amounts shall be paid from, and not in addition to, the Total Class Action Settlement Amount.

13.    The Court hereby dismisses this Action with prejudice. Without affecting the finality of this Final Order and Judgment, the Court reserves exclusive and continuing jurisdiction over the Action; plaintiffs Mayra Casas and Julio Fernandez; the Class; and Defendant for the purposes of: **(a)** supervising the implementation, enforcement, construction, and interpretation of the Stipulation and the First Addendum thereto, the Preliminary Approval Order, the distribution of the

Total Class Action Settlement Amount, and the Final Order and Judgment; and **(b)** hearing and determining the application by Class Counsel for an award of attorneys' fees, costs, and expenses, which hearings shall take place concurrently with the hearing for this Final Order and Judgment.

14. Upon entry of this Final Order and Judgment, and by operation of this Final Order and Judgment, the claims in this Action of each Class Member against Defendant, and against any and all of the Released Parties (as defined in the Stipulation), are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the Stipulation and the First Addendum thereto.

15. Each member of the Class is bound by this Final Order and Judgment, including, without limitation, the release of claims as set forth in the Stipulation and the First Addendum thereto.

16. This Final Order and Judgment and the Stipulation and the First Addendum thereto, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendant of any liability, claim, or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim, or wrongdoing in this Action or in any other proceeding.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Final Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and each party shall retain his, her or its rights to proceed with litigation of the Action.

/ / /

/ / /

/ / /

/ / /

18. The Court finds that there is no just reason for delay of entry of this Final Order and Judgment and hereby directs its entry.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

DATED: November 21, 2017  _____/s/ George H. Wu_____

Hon. George H. Wu
United States District Judge